IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2148-M

LONNIE BERNARD DAVIS,          )
                               )
                Petitioner,    )
                               )
     v.                        )          ORDER
                               )
D. LEU,                        )
                               )
                Respondent.    )

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  The matter is before the court on respondent's motion to

dismiss or, in the alternative, for summary judgment (D.E. 24) pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 56, respectively.  Also before the court are petitioner's motion "Title 28

U.S.C.A. 2248 and 2249 Petition for Answer to Show Cause and Duty of Respondent for

Conclusiveness" (D.E. 30) and his "Petition for Issuance of Writ; Return; Hearing and Decision"

(D.E. 38), which the court construes as motions to expedite proceedings.  For the reasons stated

below, respondent's motion is granted in part and denied in part.  Petitioner's motions are denied.

STATEMENT OF THE CASE

Petitioner filed the instant petition on August 3, 2020, challenging three Federal Bureau of

Prisons ("FBOP") disciplinary proceedings against him.  On November 9, 2021, the court

conducted its initial review of the petition and allowed the action to proceed.

On January 28, 2022, respondent filed the instant motion to dismiss or, in the alternative,

for summary judgment.  In support, respondent filed a memorandum in support, statement of

material facts, and appendix of exhibits consisting of the following: (1) declaration of Holly Pratesi

("Pratesi"), respondent's counsel; (2) petitioner's SENTRY administrative remedy data; (3) Incident Report, dated January 5, 2016; (4) notice and rights of disciplinary hearing; and (5) discipline hearing officer ("DHO") report, dated February 3, 2016.

On February 9, 2022, petitioner filed the first instant motion to expedite. After an extension, on March 28, 2022, petitioner filed a memorandum in opposition to respondent's motion. In support, petitioner filed an opposing statement of facts and an appendix of exhibits listing petitioner's single exhibit, his affidavit.[1]  On August 12, 2022, petitioner filed the second instant motion to expedite.

## STATEMENT OF FACTS

Petitioner challenges three disciplinary proceedings against himself, which resulted in the loss of good time credit and other privileges.[2]  (Pet. (D.E. 1) at 4–6; Pratesi Decl. (D.E. 27-1) ¶ 5). These proceedings involve the following Incident Report Numbers: 2058991 ("Incident Report One"), 2270201 ("Incident Report Two"), and 2801519 ("Incident Report Three").  (Pet. (D.E. 1) at 4–6; Pratesi Decl. (D.E. 27-1) ¶ 5).

Regarding Incident Report One, petitioner's three separate disciplinary hearing appeals were rejected due to untimeliness on March 15, May 18, and August 8, 2011.  (Pet'r's Statement of Facts ("SOF") (D.E. 36-1) at 2; SENTRY Data (D.E. 27-2) at 9, 12).  On August 15, 2012, petitioner was directed to follow the proper instructions for filing an appeal for Incident Report One.  (SENTRY Data (D.E. 27-2) at 31).  Petitioner reported he originally mailed the first appeal

---

[1]    In its entirety, petitioner's affidavit states, "I [petitioner] affirm [and] declare under the penalty of perjury that this is true to the best of my knowledge and belief."  (Pl.'s Aff. (D.E. 36-3) at 1).

[2]    Petitioner's petition and statement of facts are verified documents.  (Pet. (D.E. 1) at 8; Pet'r's Statement of Facts (D.E. 36-1) at 5).

2

for Incident Report One in time for it to be delivered on March 10, 2011. (Pet'r's SOF (D.E. 36-1) at 2). However, he failed to provide the staff memorandum required to file an appeal out of time. (Id.). Moreover, the appeal was not received by the deadline because petitioner denoted the envelope as "legal mail" and placed it in the unit's mailbox. (Id.). Due to the "legal mail" designation, the envelope was returned to petitioner with instructions to personally deliver it to the mailroom. (Id.).

Regarding Incident Report Two, petitioner filed a challenge to the underlying disciplinary proceeding on May 1, 2012. (Id. at 2–3; SENTRY Data (D.E. 27-2) at 20). However, petitioner's filing was illegible and returned for amendment. (Pet'r's SOF (D.E. 36-1) at 2–3; SENTRY Data (D.E. 27-2) at 20). On May 22, 2012, petitioner filed a second challenge regarding Incident Report Two. (Pratesi Decl. (D.E. 27-1) ¶ 8; SENTRY Data (D.E. 27-2) at 22). The challenge was again rejected because there was an improper number of pages. (Pratesi Decl. (D.E. 27-1) ¶ 8; SENTRY Data (D.E. 27-2) at 22). On July 10, 2012, petitioner filed a third challenge, but it was rejected for failure to resubmit the challenge within ten days of the previous rejection notice. (Pet'r's SOF (D.E. 36-1) at 3; SENTRY Data (D.E. 27-2) at 22).

Lastly, the incident that is the basis of Incident Report Three took place on January 5, 2016. (Incident Report Three (D.E. 27-3) at 1; Discipline Hearing Officer ("DHO") Report (D.E. 27-5) at 2). Petitioner was charged with threatening another with bodily harm. (Incident Report Three (D.E. 27-3) at 1; DHO Report (D.E. 27-5) at 1). He was advised of his right to remain silent, and he stated he understood his rights. (Incident Report Three (D.E. 27-3) at 2). On January 7, 2016, petitioner appeared before the Unit Discipline Committee, which referred the matter for the disciplinary hearing officer due to the severity of the incident. (Id. at 3). Petitioner was informed

3

of his rights before the DHO and indicated he wished to have a staff representative and witnesses. (Notice of Rights (D.E. 27-4) at 1). However, petitioner refused to sign the notice. (Id. 1–2).

Petitioner appeared before a DHO for disciplinary hearing on February 2, 2016. (Pet. (D.E. 1) at 5; DHO Report (D.E. 27-5) at 1). The DHO concluded petitioner had threatened another with bodily harm, and petitioner lost 27 days of good time credit, along with other privileges. (Pet. (D.E. 1) at 5–6; DHO Report (D.E. 27-5) at 3).

The parties agree petitioner appeared before the DHO on June 1, 2017, for a re-hearing on Incident Report Three. (Pet. (D.E. 1) at 6; Pratesi Decl. (D.E. 27-1) ¶ 16; Resp't Mem. (D.E. 25) at 6). Additionally, respondent appears to cite to a DHO report for the re-hearing. (Pratesi Decl. (D.E. 27-1) ¶¶ 16–21; Resp't Mem. (D.E. 25) at 6–8). However, the only DHO report in the record is that for the February 2, 2016, hearing. (DHO Report (D.E. 27-5) at 1). There is no DHO report for the June 1, 2017, re-hearing.

## COURT'S DISCUSSION

A.      Motions to Expedite

Although, petitioner's motions are not the model of clarity, it appears he seeks to expedite resolution of the instant case. However, where petitioner has requested an extension of time to respond to respondent's instant motion, he, in part, has been responsible for the delay. Furthermore, petitioner has not provided sufficient justification to expedite the proceedings. Accordingly, the court denies petitioner's motions.

4

B.      Motion to Dismiss or, in the Alternative, for Summary Judgment

1.      Incident Reports One and Two

a.      Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See id.

b.      Analysis

As noted above, respondent argues petitioner has not exhausted administrative remedies as to Incident Reports One and Two. (Resp't Mem. (D.E. 25) at 13–14).

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017).

5

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93. Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

Petitioner admits that he did not exhaust administrative remedies for Incident Reports One and Two before filing the instant action. (Pet'r's SOF (D.E. 36-1) at 2–3). However, he reports the existence of circumstances that he argues should excuse his failure to exhaust. Petitioner provides that challenges to Incident Report One were untimely because he failed to follow correct "legal mail" procedures. (Id. at 2). Regarding Incident Report Two, petitioner asserts his first challenge was timely filed on May 1, 2012, but due to his inability to obtain a copy of the relevant DHO report, his later challenges were deemed untimely because they were filed after May 1, 2012. (Id. at 3). Thus, petitioner argues the administrative remedy program was "unavailable" because of the actions of correctional staff. See Ross v. Blake, 578 U.S. 632, 643–44 (2016) (discussing exception to exhaustion requirement if correctional staff is "unable or consistently unwilling to provide any relief").

First, regarding Incident Report Two, petitioner is mistaken that his challenge was deemed untimely because it was filed after May 1, 2012. In fact, his challenge was untimely because he did not resubmit the challenge within ten days of his previous rejection notice. (SENTRY Data (D.E. 27-2) at 22). Second, petitioner also offers no documentary evidence supporting his overall

6

argument. Lastly, his argument is belied by respondent's acknowledgement that petitioner fully exhausted the administrative remedy process as to Incident Report Three, which petitioner does not dispute. (Pratesi Decl. (D.E. 27-1) ¶ 9; Resp't (D.E. 25) at 4).

Accordingly, the court finds the administrative remedy program was not "unavailable" to petitioner, and he failed to exhaust administrative remedies for Incident Reports One and Two. The motion to dismiss is granted these incident reports.

2.      Incident Report Three

Regarding Incident Report Three, respondent argues petitioner was provided all of his due process rights prior to removal of petitioner's good time credit. (Resp't Mem. (D.E. 25) at 18-21). Both respondent and petitioner review facts and provide arguments referring to the contents of the DHO report for the June 1, 2017, re-hearing. (See Pet. (D.E. 1) at 5-6; Pet'r's SOF (D.E. 36-1) at 4; Resp't Mem. (D.E. 25) at 18-21; Pratesi Decl. (D.E. 27-1) ¶¶ 16–21). As noted, respondent appears to intend to cite directly to the DHO re-hearing report. (Resp't Mem. (D.E. 25) at 18-21; Pratesi Decl. (D.E. 27-1) ¶¶ 16–21). However, the DHO report to which respondent cites and the only DHO report of record is the DHO report for the original disciplinary hearing on February 2, 2016. (See DHO Report (D.E. 27-5) at 1–3).

The content of the DHO report for the June 1, 2017, re-hearing is material to the court's disposition of respondent's motion regarding Incident Report Three. Therefore, the court will withhold decision regarding Incident Report Three and will allow respondent an opportunity to file a renewed motion for summary judgment as provided below.

7

## CONCLUSION

For the foregoing reasons, the court DENIES petitioner's motions to expedite (D.E. 30, 38). Respondent's motion to dismiss and, in the alternative, for summary judgment (D.E. 24) is GRANTED IN PART AND DENIED IN PART. Respondent's motion is GRANTED as to petitioner's claims regarding Incident Reports One and Two, and these claims are DISMISSED. Respondent's motion is DENIED as to Incident Report Three. Within **21 days** of entry of this order, respondent is DIRECTED to file a renewed motion for summary judgment on claims related to Incident Report Three. Within **21 days** of respondent's renewed filing, petitioner shall file any response to such motion.

SO ORDERED, this the 27th day of September, 2022.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

8