IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2148-M

LONNIE BERNARD DAVIS,  )
                       )
           Petitioner, )
                       )
v.                     )           ORDER
                       )
D. LEU,                )
                       )
           Respondent. )

Petitioner, a former federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenged the Federal Bureau of Prisons' ("FBOP") disciplinary proceedings against him, which resulted in the loss of good time credit and other privileges. The matter is before the court on respondent's second motion for summary judgment (D.E. 40) pursuant to Federal Rule of Civil Procedure 56. However, petitioner was released from custody on November 4, 2022. See FBOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 12, 2023).

Before addressing defendant's motion for summary judgment, the court must determine if it retains jurisdiction over petitioner's claims. "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Federal courts [thus] have no power to hear moot cases . . . ." Brooks v. Vassar, 462 F.3d 341, 348 (4th Cir. 2006). "If an intervening circumstance deprives the [petitioner] of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis

Healthcare Corp. v. Symczyk, 569 U.S. 66, 73 (2013) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472 477–478 (1990)); Norfolk S. Ry Co. v. City of Alexandria, 608 F.3d 150, 161 (4th Cir. 2010) ("We are always obliged to assure ourselves that a live dispute exists between the parties at all stages of litigation."); SAS Inst., Inc. v. World Programming Ltd., 874 F.3d 370, 389 (4th Cir. 2017) ("A claim is moot when the parties lack a legally cognizable interest in the outcome."). A habeas petition is mooted where a petitioner's release from custody ends any case or controversy. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

In this case, petitioner's claim that the FBOP improperly sanctioned him with loss of good time credit and other privileges is mooted because he has been released from custody. The petition cannot be "redressed by a favorable judicial decision," and thus, petitioner no longer has a legally cognizable interest in the result of the instant action. See id. (quoting Lewis, 494 U.S. at 477).

## CONCLUSION

For the foregoing reasons, defendant's second motion for summary judgment (D.E. 40) is DENIED AS MOOT. Petitioner's habeas claims are DISMISSED, and a certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of September, 2023.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge